IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

HENRY (NMN) MARTIN, JR.,

        Plaintiff,

v.                                     CIVIL ACTION NO. 1:04-1169

NORFOLK SOUTHERN RAILWAY COMPANY
a/k/a NORFOLK SOUTHERN CORPORATION,

        Defendant/Third-Party Plaintiff,

v.

SECOND STERLING CORPORATION, BLUESTONE
COAL CORPORATION, and KEYSTONE SERVICE
INDUSTRIES,

        Third-Party Defendants.

**MOTION OF THIRD-PARTY DEFENDANTS,
SECOND STERLING CORPORATION, BLUESTONE COAL
CORPORATION, AND KEYSTONE SERVICE INDUSTRIES,
<u>FOR SUMMARY JUDGMENT</u>**

Now come the Third-Party Defendants, Second Sterling Corporation, Bluestone Coal Corporation, and Keystone Service Industries, by counsel, and move the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, on the ground that there exists no genuine issue of material fact and these Third-Party Defendants are entitled to judgment as a matter of law on all claims asserted against them by the Third-Party Plaintiff, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation ("Norfolk Southern"). In further support of this motion, the Third-Party by reference the memorandum accompanying this motion and state the following:

1. On or about September 30, 2004, the Plaintiff, Henry Martin, instituted a civil action (hereinafter referred to as "the underlying action") against the Defendant, Norfolk Southern Railway Company a/k/a Norfolk Southern Corporation in the Circuit Court of McDowell County, West Virginia, seeking damages for injuries that Mr. Martin allegedly sustained in an accident, which occurred on February 25, 2003. (See copy of Underlying Complaint, attached hereto as Exhibit A.)

2. The accident allegedly occurred when the Plaintiff was "loading and dropping railroad cars on property that KSI [Keystone Service Industries], his employer leased from Norfolk Southern Railway, Company , . . ." when "[a]n employee of Norfolk Southern Railway Company negligently released a railroad car [which was loaded with gravel] on the railroad track that the Plaintiff . . . was working on which caused the railroad car to travel down the track that the Plaintiff was working on and the railroad car . . . struck the railroad cars that the Plaintiff was working on which caused the Plaintiff to fall across the track that was adjacent to the railroad car that the Plaintiff was working on." (See Exhibit A at ¶¶ 1 and 2.)

3. Based, in part, upon these allegations, the Plaintiff pleaded a negligence cause of action solely against Norfolk Southern for placing the railroad car on the track on which the Plaintiff was working and for releasing the loaded railroad car that struck the railroad cars on which the Plaintiff was working. (See Exhibit A at ¶ 2.)

4. On or about October 29, 2004, Norfolk Southern removed the case to this Court.

5. Thereafter, Norfolk Southern filed a Third-Party Complaint against Second Sterling Corporation ("Second Sterling"), Bluestone Coal Corporation("Bluestone Coal")

and Keystone Service Industries ("KSI"), alleging causes of action for express and implied indemnity. (See copy of Third-Party Complaint, attached hereto as Exhibit B.)

6. The cause of action sounding in express indemnity is predicated upon a "Siding Lease Agreement" (sometimes referred to as "agreement") that was entered into between Norfolk Southern and Second Sterling on March 11, 1993. (See copy of "Siding Lease Agreement," attached hereto as Exhibit C.)

7. Specifically, Norfolk Southern relies upon the following provisions of the "Siding Lease Agreement" to support the claim for express indemnity:

> That as part of the "Siding Lease Agreement" Second Sterling Corporation agreed to "be solely responsible for and shall *indemnify, protect, and hold Railroad harmless* from all claims, demands, suits, judgments, liabilities, costs (including attorneys' fees) and expenses occasioned by any death, *personal injury*, or loss of or damage to property *arising out of or in any manner incidental to the loading into or unloading from rail cars*, or the handling, storage or transmission in connection with such loading or unloading, of hazardous or flammable materials (as defined in the regulations of the United States Department of Transportation), *whether or not negligence on the part of the Railroad may have caused or contributed to such death, injury, loss or damage*.

> That as an additional part of the "Siding Lease Agreement" Second Sterling Corporation agreed that "[i]n the event that this Agreement authorizes Industry to or Industry does move any rail cars on the Track, then, notwithstanding any other provisions of this Agreement, Industry *shall indemnify, protect and hold Railroad harmless from and against any and all claims, demands, suits, judgments, liabilities, costs including attorneys' fees and expenses* occasioned by any death, *personal injury* or loss of or damage to property arising or growing out of the movement of rail cars by Industry or its agents regardless of *whether the negligence or Railroad may have caused or contributed to such injury, death, damage or loss.*

(See Exhibit B at ¶¶ 18 and 19.)

8. The provisions of the "Siding Lease Agreement" do not comport with the statutory provisions of either West Virginia Code § 55-8-14 or the West Virginia Supreme Court's interpretation of that statute found in Riggle v. Allied Chemical Corp., 189 W. Va. 561, 378 S.E.2d 282 (1989), and Dalton v. Childress Service Corp., 189 W. Va. 428, 432 S.E.98 (1993).

9. The "Siding Lease Agreement," therefore, is void insofar as the indemnity provisions relied upon by Norfolk Southern in support of its express indemnity claim against the Third-Party Defendants are concerned.

10. Even if the relevant provisions of the agreement were enforceable, neither provision contained within the "Siding Lease Agreement" and relied upon by Norfolk Southern to support its express indemnity claim, provides a viable basis for any liability against the Third-Party Defendants in this case, as they are not applicable to the facts of this case. (See Affidavit of Clifton Huckleberry, attached hereto as Exhibit D.)

11. Under the express terms of the "Siding Lease Agreement," there is clearly no basis in the "Siding Lease Agreement" for the imposition of liability for indemnity against either Bluestone Coal or KSI, neither of which is a party to the "Siding Lease Agreement."

13. Additionally, regarding Norfolk Southern's implied indemnity cause of action, there is no basis for such a claim against any of the Third-Party Defendants, either in fact or law, pursuant to the holding of the West Virginia Supreme Court in Harvest Capital v. West Virginia Dept. of Energy, 211 W. Va. 34, 560 S.E.2d 509 (2002).

**WHEREFORE**, based upon the foregoing reasons and those set forth in the memorandum of law filed contemporaneously herewith and incorporated by reference herein, the Third-Party Defendants, Second Sterling Corporation, Bluestone Coal

Corporation, and Keystone Service Industries, respectfully request that the Court grant this motion and find and/or conclude: 1) that there is no genuine issue as to any fact material to the question of whether any of the Third-Party Defendants may be held liable to the Third-Party Plaintiff for either express or implied indemnity; 2) that, as a matter of law, the "Siding Lease Agreement" is void to the extent that the indemnity provisions relied upon by Norfolk Southern in support of its express indemnity claim against the Third-Party Defendants is concerned; 3) that, as a matter of law, the provisions relied upon by Norfolk Southern to support its express indemnity claim are not applicable given the facts of this case; 4) that, as a matter of law, there is no basis in the subject "Siding Lease Agreement" for liability for any express indemnity to be imposed upon either Bluestone Coal Corporation or Keystone Service Industries"; 5) that, as a matter of law, there is no basis for Norfolk Southern's implied indemnity claim; and 6) that the Third-Party Defendants are entitled to summary judgment on the entirety of the Third-Party Complaint, in accordance with Rule 56; and that the Court enter summary judgment in favor of the Third-Party Defendants.

                                              **SECOND STERLING CORPORATION,  
BLUESTONE COAL CORPORATION, and  
KEYSTONE SERVICE INDUSTRIES**

                                              **By Counsel**

_/s/ John L. MacCorkle_
John L. MacCorkle, Esquire (WVSB # 2286)
MacCorkle Lavender Casey & Sweeney, PLLC
300 Summers Street, Suite 800
Post Office Box 3283
Charleston, West Virginia 25332-3283
(304) 344-5600 (Telephone)
(304) 344-8141 (Facsimile)